THE STATE OF MISSOURI, Respondent, v. WILLIAM P. MARTIN *et al.*, Appellants.

### Kansas City Court of Appeals, January 30, 1893.

Deadly Weapons: CONSTABLE'S BAILEE: SHOTGUN ARGUMENT. In resisting aggression on one's property the law justifies no greater force than is necessary to the exercise of reasonable and proper judgment to prevent the consummation of the injury, and a constable's bailee is not justified in a rude, angry and threatening exhibition of a shotgun to protect the bailed property without occasion or excuse therefor.

*Appeal from the Henry Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*E. A. Gracey* and *James Parks & Son*, for appellants.

*W. E. Owen*, for respondent.

SMITH, P. J.—The defendants upon the information of the prosecuting attorney were tried and convicted by the circuit court of Henry county for the crime of exhibiting each in the presence of the other a double-barrel shotgun in a rude, angry and threatening manner. The information is based on the provisions of section 3502, Revised Statutes, 1889, and seems to sufficiently charge an offense under that section.

The evidence preserved by the bill of exceptions tends to show that one Frazier had rented of the defendant Martin a piece of corn land for which he was to pay one-half of the corn that was produced thereon. It further tends to show that, about the time

the corn was mature and ready for gathering, two suits, one by replevin and the other by attachment, were brought against Frazier before a justice of the peace, and the corn as it stood in the field was taken into the possession of the constable under these writs. The constable engaged the defendant Martin to look after the corn and to report to him any interference with it. It further appears that the replevin suit was discontinued, and then Frazier undertook to gather the corn.

The attachment suit seems then not to have been disposed of in any way. Frazier summoned to his aid three persons, who with their wagons went to the field where the corn was and began to pull it. They had filled one wagon bed with it when the defendants appeared with double-barreled shotguns in their hands, with the triggers cocked, and demanded that Frazier and his men desist from gathering the corn, unload that which was already gathered in the field, and take their departure. This demand Frazier and those with him refused to obey. Martin then repeated his demand, only varying it by telling them to get out "damn quick."

The evidence tends to further show that the defendants were quite angry and offensive in their deportment and language. They held their guns in such a manner as to impress the mind of Frazier and the others with him, that they intended to use them did the latter not obey the orders of the former. The order was implicitly obeyed. The evidence very clearly made out the offense. While there was some little conflict in the evidence, the essential facts were proven without serious contradiction. The defendants seem to have been under the impression that, since they were the constable's bailees of the corn, they were authorized to employ the shotgun in its preservation.

It does not appear that the defendants made any effort to dissuade Frazier from removing the corn or that they were willing to listen to the reading of a paper which Frazier had received from the plaintiff in the replevin suit. They declared that they would hear no paper read except by an officer. It does not appear that defendants had any knowledge of the contents of the paper.

While perhaps it was the duty of the defendants to protect their bailment, they were not authorized by any law with which we are acquainted to use the "shot-gun argument" in its defense. The defendant Martin had only been requested to notify the constable in case of the interference with the corn. The conduct of the defendants can find no justification in the law. The rule of law is everywhere recognized to be that one, in the defense of his person, relatives or property, must not employ more force than is necessary for that purpose. So in resisting aggression on his property the law justifies no greater force than is necessary in the exercise of a reasonable and proper judgment to prevent the consummation of the injury. 1 Hilliard on Torts, 202, 203; Cooley on Torts, 193; *Hill v. Rogers*, 2 Clarke (Iowa) 67; *Harrison v. Harrison*, 43 Vt. 417; *Drew v. Comstock*, 57 Mich. 116. If defendants had shot and killed Frazier the homicide thus committed would have been neither justifiable nor excusable under our statute. According to the evidence there seems to have been neither occasion nor excuse for the rude, angry and threatening manner in which the defendants exhibited their guns to Frazier and the other persons who were with him. Such unprovoked conduct was calculated to provoke riot and bloodshed.

The instructions, given by the court on its own motion and at the instance of the state and the defendants, fully and fairly presented the law of the whole

case to the jury, so that there is no reason to complain of the judgment on that account. There was some exception taken to the rulings of the court in the admission and rejection of testimony, but no serious ground for complaint in that regard has been perceived. The defendants having had a fair and impartial trial, according to correct legal principles, there is left to them no just ground for complaint.

The judgment of the circuit court will be affirmed. All concur.